## THOMAS PRESLEY V. THE STATE.

The defendant was indicted under articles 670 and 674 of the Penal Code, which reads as follows: "If any person shall unreasonably abuse or cruelly treat a slave, whether his own property or the property of another, he shall be fined not less than $100 nor more than $2,000." "If, by reason of abuse or cruel treatment to a slave, death shall result, the offense is murder." (O. & W. Dig., p. 542.) The indictment read as in the statement of the case: *Held,* that this was an indictment for murder, and that in accordance with the decision in The State v. Wilson, 29 Tex., 240, a verdict of guilty and of cruel treatment merely was an acquittal of the charge of murder; and that the finding was not warranted by the indictment, and the judgment was reversed, and the case dismissed.

Article 631 of the Code of Criminal Procedure declares, that murder includes all the lesser degrees of culpable homicide. (Paschal's Dig., Art. 3096.) And if, by an illegal act, the life of a slave be taken, the slayer cannot be punished by a pecuniary fine merely.

APPEAL from Anderson. The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

The indictment charged, that the accused "did maliciously and willfully, with malice aforethought and without just provocation, inflict unusual pain, suffering, and injury, upon Sampson, a negro slave, then and there being the property of one Millings, without just provocation, then and there willfully killing and murdering him, the said Sampson, a negro slave."

The jury found the defendant guilty of cruel treatment, and assessed the fine at $240, for which there was judgment, from which the defendant appealed.

There were written instructions, but no bill of exceptions nor statement of facts in the record.

No brief for the appellant has been furnished to the Reporter.

*William M. Walton, Attorney General,* for the State.

DONLEY, J.—The question involved in this cause was

determined at the last term of the court at Galveston. [The State v. Wilson, 29 Tex., 240.] The cause determined there was of a party who was indicted for the murder of a slave by whipping.

The court, after giving in charge the law applicable to the offense alleged, at the request of the attorney representing the State, charged the jury, that if they found the defendant not guilty of murder as charged, they might find him guilty of cruelty to a slave, and impose on him a pecuniary fine as a punishment for the offense. Under this charge the jury found the defendant not guilty of the offense alleged in the indictment, but guilty of cruelty to a slave, and assessed a fine against him for the offense.

It was held by this court in that cause, that it was not competent, on the trial of an indictment for murder, to find the defendant not guilty of murder, but guilty of cruel treatment to a slave, and punish by imposing upon him a pecuniary fine.

The indictment in this cause appears to have been regarded by the court below as an indictment upon which the defendant might be convicted of murder.

The law upon the question was given in charge by the court as fully as deemed necessary by the court for a correct comprehension of the question by the jury, and the verdict of the jury, finding the defendant guilty of cruel treatment to the slave, was in effect a verdict of not guilty of the alleged murder. It is held, in Jones v. The State, 13 Tex., 168, "That when an indictment embraces two offenses of different grades, a conviction of the inferior offense is an acquittal of the higher, and upon a new trial the defendant cannot be tried and convicted of the higher offense." The defendant has not been convicted of an inferior degree of the offense alleged, if it may be held that the offense alleged is murder.

Article 631 Code of Criminal Procedure provides that, "The following offenses include different degrees: 1. Mur-

der, which includes all the lesser degrees of culpable homicide." And it was held, in the case just referred to, that if an illegal act was done, by which the life of a person lately a slave was wrongfully taken, it was not competent to punish the person thus illegally and wrongfully taking the life of a slave by convicting him of a misdemeanor, and punish by imposing upon him a pecuniary fine. That if the life of a human being is wrongfully taken, and the circumstances under which it was taken were such that it must be held that the law has been violated and crime committed, the offender is guilty of a felony, and if punished it must be for the crime he has committed; that a conviction and punishment for a misdemeanor is no bar to a prosecution for murder. If the indictment is sufficient to have authorized a conviction for murder or any degree of culpable homicide, his trial, on that indictment, must discharge him, and he cannot legally again be put in peril for the same offense. (Art. I, sec. 12, Const. of the State of Texas.)

The judgment is reversed, and the cause

DISMISSED.